UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUENTIN J. HICKS,

          Plaintiff,

                       6:12-CV-1841
v.                        (GLS/TWD)

STEVEN C. BUITRON, et al.,

          Defendants.
_____

APPEARANCES:                 OF COUNSEL:

QUENTIN J. HICKS, 12-B-0653
Plaintiff *pro se*
Watertown Correctional Facility
23147 Swan Road
Watertown, NY 13601

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

   The Clerk has sent this pro se complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 4.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 4) and recommend that the Court dismiss the claims against Defendants Gregory Oakes, Donald H. Dodd, and Steven C. Buitron without leave to amend and the claims against Defendant County of Oswego with leave to amend.

**I.**   **ALLEGATIONS OF THE COMPLAINT**

   Plaintiff alleges that Defendants Steven C. Buitron, Gregory Oakes, Donald Dodd, and the County of Oswego "unlawfully distributed or assisted in the distribution of Plaintiff's Psychological Evaluation . . . [to] depriv[e] Plaintiff his Constitutional right to reasonable bail,

which was set at one million dollars and never lowered." (Dkt. No. 1 at 1.)

Specifically, Plaintiff alleges that he was charged with conspiracy on June 23, 2011. (Dkt. No. 1 at 4 ¶ 13.) His bail hearing was conducted over three dates in July 2011. *Id*. During the hearing, Plaintiff learned that his attorney, Defendant Buitron, had distributed Plaintiff's psychological evaluation to family members, the media, the judge, the District Attorney's office, and the New York Department of Corrections and Community Supervision. *Id*. Plaintiff alleges that the psychological evaluation was faxed at least three times. (Dkt. No. 1 at 6 ¶ 24.) Plaintiff alleges that it "should never have been faxed even once." *Id*. Rather, it "should have been transported once from Dr. Ivers office to [Defendant Buitron's] office in a sealed envelope with labeling identifying internal correspondence as Private and Confidential, only to be open[ed] by addressee." *Id*. Plaintiff alleges that by distributing the evaluation, Defendant Buitron violated two Supreme Court orders that "clearly mandated that the [psychological evaluation] should not be shared or discussed with anyone." (Dkt. No. 1 at 6 ¶ 20.) Plaintiff further alleges that Defendant Buitron wrongfully offered his own personal interpretation of the psychological evaluation at the bail hearing. (Dkt. No. 1 at 4 ¶ 14.)

When Plaintiff filed a grievance against Defendant Buitron, Defendant Buitron stated that his goal in distributing the psychological evaluation was "to prevent Plaintiff from getting reasonable bail." (Dkt. No. 1 at 4 ¶ 13.)

Defendant Buitron told the grievance board that Defendant Gregory Oakes, the Assistant District Attorney who prosecuted Plaintiff's case, encouraged him to distribute the psychological evaluation at the time of the bail hearing. (Dkt. No. 1 at 5 ¶ 15.) Plaintiff alleges that Defendant Buitron's statement to the grievance board was false because "letters to the Judge indicated that

the [psychological evaluation] was distributed to family members earlier in the month." *Id*.

Plaintiff alleges that Defendant Oakes allowed Defendant Buitron to submit the evaluation at the hearing, failed to ask the judge to recuse himself after he read the evaluation, failed to remove the evaluation from the District Attorney's files, and failed to give instructions to the employee conducting the presentence investigation. (Dkt. No. 1 at 5 ¶ 16.)

Plaintiff alleges that Defendant Donald H. Dodd, who was then the District Attorney for the County of Oswego, failed to supervise Defendant Oakes. (Dkt. No. 1 at 5 ¶ 17.)

Plaintiff alleges that Defendants Oakes and Dodd "were motivated to keep bail excessive" and prosecuted Plaintiff with knowingly false statements and "an audio recording that was manufactured by the prosecution." (Dkt. No. 1 at 5 ¶ 18.)

Plaintiff alleges that the attorney grievance committee agreed that Defendant Buitron violated Plaintiff's rights and that a letter of censure was placed in the attorney's file. (Dkt. No. 1 at 5 ¶ 19.)

Plaintiff alleges that Defendant Buitron's actions caused him mental anguish, damaged his relationships with various family members, resulted in the imposition of excessive bail and the illegal prosecution of Plaintiff, and violated Plaintiff's rights under the First, Fourth, Eighth, and Fourteenth Amendments. (Dkt. No. 1 at 5 ¶ 19.)

In his complaint, Plaintiff requests declaratory relief, an injunction compelling Defendants Oakes and Dodd "to stop representing the People" in all matters related to Plaintiff and appointing "a special prosecutor if required," an injunction prohibiting Defendants Oakes and Dodd from supervising any personnel who may be representing the People in any matter regarding Plaintiff, an injunction requiring Defendant Dodd, who is now a judge, to recuse

3

himself in any matter in which Plaintiff may appear before him for the next twenty years, an injunction requiring Defendant Buitron to return all money that Plaintiff paid to him in the last three years and terminate all liens he has against Plaintiff for alleged money owed, six million dollars in compensatory damages, and sixteen million dollars in punitive damages. (Dkt. No. 1 at 7 ¶¶ 25-31.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 4.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 4), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) directs that when "any person" proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards *pro se* litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

### A. Defendants Oakes and Dodd

Plaintiff, proceeding under 42 U.S.C. § 1983, has named an Assistant District Attorney

(Defendant Oakes) and the District Attorney (Defendant Dodd) as Defendants. (Dkt. No. 1 at 1-2.) "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case. . . ." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (punctuation and citations omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). This immunity applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution." *Pinaud,* 52 F.3d at 1147 (punctuation and citations omitted). Here, Plaintiff's claims against Defendants Oakes and Dodd arise from acts within the scope of their duties in pursuing the prosecution of Plaintiff. Accordingly, Defendants Oakes and Dodd are immune from liability. Therefore, I recommend that the Court dismiss the claims against Defendants Oakes and Dodd.

Where a pro se complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. (citation omitted). Here, better pleading could not cure the defect in Plaintiff's claims against the immune Defendants. Therefore, I recommend that the Court dismiss the claims against Defendants Oakes and Dodd without leave to amend.

### B. Defendant Buitron

Plaintiff has named his criminal defense attorney, Defendant Buitron, as a Defendant in

this action. (Dkt. No. 1 at 2.) Section 1983 permits a person to recover damages from another who has deprived him of his constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." It is well established that criminal defense attorneys, whether private or court-appointed, are not state actors for the purposes of Section 1983. *See Housand v. Heiman*, 594 F.2d 923 (2d Cir. 1979); *Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997); *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003).[2] Plaintiff's claim is thus not cognizable under Section 1983. This claim could not be cured with better pleading. Therefore, I recommend that the Court dismiss Plaintiff's claims against Defendant Buitron without leave to amend.

C.     **Defendant County of Oswego**

Plaintiff has named the County of Oswego as a Defendant in this action. (Dkt. No. 1 at 2.) In order "to hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or

---

[2] The Court will provide Plaintiff with a copy of this unpublished in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S 658, 690-91 (1978), *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986), and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, Plaintiff has not pleaded facts plausibly suggesting that the County of Oswego deprived him of constitutional rights through an official policy or custom. It is possible, although not likely, that Plaintiff could cure this defect with better pleading. Therefore, I recommend that the Court dismiss Plaintiff's claims against the County of Oswego with leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**; and it is further

**RECOMMENDED** that the claims against Defendants Oakes, Dodd and Buitron be dismissed without leave to amend; and it is further

**RECOMMENDED** that the claims against the County of Oswego be dismissed with leave to amend within thirty days of any order adopting this Report-Recommendation; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003); and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 24, 2013
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge