UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUENTIN HICKS,

                      Plaintiff,                  6:12-cv-1841
                                                          (GLS/TWD)
                v.

STEVEN C. BUITRON et al.,

                      Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Quentin J. Hicks
Pro Se
12-B-0653
Watertown Correctional Facility
23147 Swan Road
Watertown, NY 13601

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Quentin Hicks commenced this action against

defendants Steven C. Buitron, Esq., Hon. Gregory Oakes, Hon. Donald H.

Dodd, and Oswego County, NY, pursuant to 42 U.S.C. § 1983, alleging

violations of his First, Fourth, Eighth, and Fourteenth Amendment rights.

(*See generally* Compl., Dkt. No. 1.) In an Order and Report-

Recommendation (R&R) issued on May 24, 2013, Magistrate Judge Thérèse Wiley Dancks recommended that Hicks' claims against Oakes, Dodd, and Buitron be dismissed without leave to amend, and that his claims against the County of Oswego be dismissed with leave to amend. (Dkt. No. 7 at 8.) Pending before the court are Hicks' timely objections to the R&R. (Dkt. No. 8.) For the reasons that follow, the R&R is adopted in part and rejected in part.

## II. Background

Hicks claims that during the relevant time period he was confined at Oswego County Jail after being charged with conspiracy. (Compl. ¶¶ 1, 13.) Hicks alleges that defendants "unlawfully distributed or assisted in the distribution of [his] Psychological Evaluation . . . [to] depriv[e] [him] his Constitutional right to reasonable bail, which was set at one million dollars and never lowered," (*id*. at 1), in violation of his First, Fourth, Eighth, and Fourteenth Amendment rights. (*Id*. ¶¶ 7, 19(4).) Hicks claims that, during his bail hearing, he learned that his psychological evaluation had been distributed to family members, the media, the judge, the District Attorney's office, and the Department of Corrections and Parole. (*Id*. ¶ 13.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

Hicks filed both general and specific objections to the R&R, which are considered below.[1] (Dkt. No. 8.)

---

[1] In his objections, Hicks alleges additional facts about Oakes and James Eby, his attorney, for the first time. (Dkt. No. 8 at 2.) Hicks also argues for the first time that all defendants were negligent in their protection of his constitutional rights. (*Id.*) "Generally, courts do not consider such 'new arguments' or 'new evidence' 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not,'" and this court declines to do

*1. Specific Objections*

Hicks asserts two specific objections, which the court reviews *de novo*. *See Almonte*, 2006 WL 149049, at *3, *5. First, Hicks specifically objects to the portion of the R&R in which Judge Dancks found that Oakes, the district attorney at the time of Hicks' bail hearing, is immune from liability; Hicks claims that Oakes should not be immune because "he crossed the line and should be held accountable (personally)." (*Id.* at 2; Compl. ¶ 4.) Hicks' argument is without merit. Prosecutorial immunity under 42 U.S.C. § 1983 applies to individual district attorneys for claims arising out of acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotation marks and citations omitted). Since Hicks' claims against Oakes arise from acts that Oakes performed within the scope of his duties in pursuing the prosecution of Hicks, Oakes is immune from suit, and Hicks' claims against him are dismissed.

Second, Hicks specifically objects to Judge Dancks' characterization of Buitron as Hicks' attorney; instead, Hicks gives new details and asserts,

---

so here. *Chalsani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at *1 (E.D.N.Y. Sept. 26, 2011) (quoting *Illis v. Artus*, No. 06-civ-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)).

"Buitron was definitely not my defense attorney. At times he was my wife's divorce attorney, at other times he was the owner of a law firm who subcontractored [sic] attorneys to litigate divorce cases, defense cases." (Dkt. No. 8 at 1.) Hicks identifies his attorney at the time as James Eby. (*Id.* at 2.) While the court appreciates Hicks' distinction that Buitron was not his criminal defense attorney, it is of no moment. It is axiomatic that there must be state action before a suit will be cognizable under § 1983. *See Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012). Judge Dancks recommended dismissal of Hicks' claims against Buitron because "criminal defense attorneys, whether private or court-appointed, are not state actors for the purposes of Section 1983." (Dkt. No. 7 at 6-7.) Even though, as it turns out, Buitron was not Hicks' defense attorney, Hicks has still not shown that Buitron was a state actor. Therefore, Hicks' § 1983 claims are not cognizable as pleaded. However, Hicks is given leave to amend his claims against Buitron, and the portion of the R&R recommending that the claims against Buitron be dismissed without leave to amend is rejected, in light of the new facts raised for the first time in Hicks' objections.

    2.    *General Objections*

The remainder of Hicks' objections take issue with no particular

aspect of Judge Dancks' recommendation; they simply re-hash arguments already submitted to the court in Hicks' complaint. (*Compare* Compl., *with* Dkt. No. 8.)  For example, Hicks simply reasserts that his rights under the Fourteenth Amendment were violated, but does not specifically object to any portion of the R&R.  (Dkt. No. 8 at 2.)  Since Hicks' objections do not point out any specific shortcomings in the R&R, and, instead, merely reiterate earlier-raised arguments, review for clear error is warranted.  *See Almonte*, 2006 WL 149049, at \*4, \*6.  Having thoroughly reviewed the remainder R&R, the court finds no clear error, and adopts it in part.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks' Order and Report-Recommendation (Dkt. No. 7) is **REJECTED IN PART** and **ADOPTED IN PART** as follows:

> **REJECTED** with respect to the recommendation of dismissal of all claims against Buitron without leave to amend; and
>
> **ADOPTED** in all other respects; and it is further

**ORDERED** that the claims against Buitron and the County of Oswego are **DISMISSED** with leave to amend within thirty (30) days of this

Memorandum-Decision and Order; and it is further

**ORDERED** that the claims against Oakes and Dodd are **DISMISSED** without leave to amend; and it is further

**ORDERED** that if Hicks fails to file an Amended Complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk is directed to close this case without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court